## R. R. BARROW· v. VALERY LANDRY.

The proprietor of the upper estate has no right, in the exercise of the servitude of drain which exists in favor of his estate upon the lower, to divert the flow of waters from their natural course, upon the ground that it is beneficial to the lower estate : this is a matter which concerns only the proprietor of such lower estate. If he prefers that the servitude be exercised at a spot more or less injurious or beneficial to himself, it is his own look out ; and the only question is, how the waters naturally flow.

According to the provisions of Article 656 of the Civil Code, the proprietor of the upper estate is not prevented from cultivating his fields and facilitating their drainage on the lower estate ; but the act of draining other land than that belonging to his estate, upon the lower estate, is a violation of this Article, which declares that " The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome."

The proprietor of the lower estate has no right to erect a dam or levee by which to prevent the exercise of the servitude of drain due the upper estate, although such servitude may have been aggravated.   In such a case, the proper remedy is by injunction.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J. Durant & Hornor and Mills & Leblanc, for plaintiff. Johnson & Denis, for defendant and appellant.

VOORHIES, J.   The parties are proprietors· of adjacent plantations.   The land of the plaintiff drains naturally over the rear portion (sec. 121) of the defendant's.

The present controversy has arisen from the fact that the defendant has erected

86

a levee or dam on section 121, which has the effect of interrupting this natural flow of the waters. In answer to the petition, the object of which is to have these impediments removed and damages awarded, the defendant contends that the plaintiff has aggravated the natural servitude : hence a reconventional claim for damages, and a demand to have closed the works causing such aggravation.

It appears that, by a contract entered into between the plaintiff and the municipal authorities of the town of Donaldsonville, the former obligated himself to receive, by means of a ditch or canal through his lands, the waters running from the town ; and that this contract has been carried into execution. It is in proof that this body of water, at least from Claiborne Street to the Mississippi river, drains naturally in a different direction, that is in a line parallel to the river, and that there is a natural outlet across the defendant's plantation at about ten arpents from the front line on the Mississippi, and thence across the plantation of the lower proprietor. But the canal or ditch, through which the plaintiff drains the town of Donaldsonville runs nearly at right angles with the above mentioned natural drain, and, after leaving the plaintiff's plantation, at forty arpents from the bayou Lafourche, discharges its waters on section 121 of the defendant's plantation.

In other words, not only do the waters flow naturally from the upper to the lower estate ; but a body of waters is thereto added, which, being left to its natural course, would not have found its way to that locality. It is argued that this is a benefit to the lower estate, inasmuch as the aggravation of the servitude is felt at a low and marshy place ; whilst otherwise the waters would be thrown upon the arable lands.

Such may be the case ; but this is a matter which concerns only the defendant. If he prefers that the servitude be exercised at a spot more or less injurious or beneficial to himself, it is his own look out ; and the only question is how the waters naturally flow. *Becknel* v. *Wendhall*, 7 An. 291.

" It is a servitude due by the estate situated below to receive the waters, which run naturally from the estate above, provided the industry of man has not been used to create that servitude." C. C. 656. The plaintiff, under this provision of the law, would not be prevented from cultivating his fields and facilitating their drainage on the lower estate ; but it is evident that the act of draining the town of Donaldsonville, according to the terms of his contract, is a violation of the text, which says : " The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome." Same Article ; Pardessus, Serv., p. 130, § 83 ; ibid, p. 149.

On the other hand, the defendant has invaded the rights of the plaintiff by the dam or levee erected along the back line of the latter's plantation." The proprietor below is not at liberty to raise any dam, or to make any other work, to prevent this running of the water." Same Article ; Toullier, III, § 509.

This cause was submitted to two juries : the first time in the parish of Ascension, where the estates are situated, and the second time in the parish of Jefferson, where the case had been subsequently removed by a change of venue. The former verdict was in favor of the defendant generally ; whilst the latter ordered the demolition of the works erected by the defendant, but rejecting the plaintiff's claim for damages.

In our opinion, the levee or dam should be demolished, and the canal back of Donaldsonville closed, so as to prevent the waters between Claiborne Street and the River from draining through the canal on the plaintiff's plantation.

With regard to the damages claimed by both parties, it is evident that they are entitled to none, as they have reciprocally violated the law in this very respect. Besides, no damages are specifically proven; and, under the circumstances, we do not feel disposed to interfere with the finding of both juries who sat in this cause.

We concur with the District Judge, in his charge to the jury, that, notwithstanding the fact of the aggravation of the servitude on the upper estate, the defendant had not the right to erect a dam or levee. Instead of taking the law in his own hands, he should have resorted to the summary remedy by injunction.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by adjudging that the plaintiff, *Robert R. Barrow*, do cause or procure his canal or ditch to be closed at Claiborne Street, in the town of Donaldsonville, or, if he be unable so to do, that he cause the same to be filled at the point where it intersects his plantation back of said town; that in other respects the judgment be affirmed; and that the plaintiff pay the costs of appeal, and the defendant the costs of the District Court.

DUFFEL, J., recused himself.